UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GAY-STRAIGHT ALLIANCE OF MUNSTER HIGH SCHOOL, an unincorporated association; DESTINY SABO; R.B., a minor child by her mother and next friend, Karolyn Bishop, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:14-172 |
| THE SCHOOL TOWN OF MUNSTER; PRINCIPAL OF MUNSTER HIGH SCHOOL, in his official capacity, | ) ) ) ) | |
| Defendants. | ) | |

**Complaint for Declaratory and Injunctive Relief and Nominal Damages**

**Introduction**

1.     Plaintiff Destiny Sabo graduated from Munster High School on June 1, 2014. When Destiny transferred to Munster in her junior year, she learned that there was no Gay-Straight Alliance at the school and wanted to create one as a place for members of the gay, lesbian, bisexual, transgender (GLBT) and allied community to meet and provide social, emotional and educational support to one another. As a senior, Destiny followed all of the procedures to create a new non-curricular student club and submitted a proposal for Gay-Straight Alliance of Munster High School ("GSA-MHS") over three months before the February 1st deadline for proposals. Destiny and R.B., a minor student at Munster High School, both planned to be members of the GSA-MHS and heard from at least fifteen other students who were eager to join the club.

2. Despite the fact that the Principal of Munster High School has allowed a number of non-curricular extracurricular clubs to meet at the school as school-sponsored clubs, he denied this recognition to the GSA-MHS. The organization is therefore not allowed to meet at the school, promote its activities on school grounds or associate with Munster High School in any way. This violates both the First Amendment rights of GSA-MHS and the student-plaintiffs, Destiny Sabo and R.B., who wish to be members of the club and the rights of the plaintiffs under the Equal Access Act, 20 U.S.C. § 4071, *et seq.* The plaintiffs seek declaratory and injunctive relief as well as nominal damages for the student-plaintiffs.

**Jurisdiction, cause of action, venue**

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

6. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States.

**Parties**

7. The Gay-Straight Alliance of Munster High School is an unincorporated voluntary association of students who attend the High School. This action is brought on behalf of the GSA-MHS and its members.

8. Destiny Sabo is an adult resident of Munster, Indiana who attended Munster High School prior to her graduation on June 1, 2014.

9. R.B. is a minor resident of Munster, Indiana who attends Munster High School and remains subject to the policies, practices and customs of the defendants. She is represented in this action by her mother and next friend Karolyn Bishop.

10. The School Town of Munster is an Indiana school corporation that operates a number of schools in Munster, Indiana, including Munster High School.

11. The Principal of Munster High School ("Principal") is the duly appointed head of the school and is responsible for evaluating all new student club proposals for approval. He is sued in his official capacity pursuant to Rule 17(d) of the Federal Rules of Civil Procedure.

**Factual allegations**

12. Students attending Munster High School may participate in a number of clubs that are not related to the curriculum at the school.

13. These non-curricular clubs meet at the school during non-instructional time.

14. These non-curricular clubs include: Chess Club, Civics Club, Ping-Pong Club, Project X ("a service organization geared toward helping local organizations help the needy"); S.A.D.D. (Students Against Destructive Decisions); and the S.T.A.N.D. Club (Socially Together and Naturally Diverse).

15. In order for a new club to be approved the club must comply with the following requirements as set out in the Munster High School Student Handbook, relevant portions of which are attached as Exhibit 1.

> PROPOSED NEW SCHOOL SPONSORED CLUB AND/OR ACTIVITY
>
> Requests for a new club or activity should be submitted to the principal by February 1 and contain the following:
>
> - Persons in charge (STM employee)
> - Purpose and rationale
> - By-laws and constitution

- Intended outcomes for students
- Participation
- Plan of operation
- Costs

The principal will review each request and either reject or approve the proposal for the following school year.

16. The purpose of the GSA-MHS is to provide a safe, supportive environment for students to talk about homophobia and related harassment and violence and to work together to promote tolerance, understanding and acceptance of one another, regardless of sexual orientation.

17. In August of 2013, Destiny Sabo, then a senior at Munster High School, spoke with her school counselor about what was needed to have the GSA-MHS recognized as a school club.

18. Destiny was informed of the requirements as noted above.

19. In September of 2013, Ms. Sabo was informed by Peggy Matanic, an English teacher and employee of the School Town of Munster, that she would serve as the faculty sponsor the club.

20. In October of 2013, Ms. Sabo met with the Vice-Principal of MHS and turned in her formal proposal to have GSA-MHS recognized as a new club for the High School.  This proposal is attached as Exhibit 2.  She was told by school personnel to submit the application to the Vice-Principal.

21. Ms. Sabo informed the Vice-Principal that Ms. Matanic would sponsor the club.

22. Ms. Sabo was told by the Vice-Principal that a formal decision on the application would be made in February of 2014.

23. Ms. Sabo created a Facebook page for GSA-MHS, noting that the school did not yet have a gay-straight alliance, but asking for support for the proposed club, and a number of students wrote on the "wall" showing support for GSA-MHS along with "liking" the page.

24. Ms. Sabo viewed herself as a member of GSA-MHS as it was being organized and would have continued to have been a member of the GSA-MHS if it had been approved and recognized by defendants.

25. R.B. also viewed herself as a member of GSA-MHS as it was being organized and would have continued to have been a member of the GSA-MHS if it had been approved and recognized by defendants.

26. However, in February of 2014, the Principal and Vice-Principal informed Ms. Sabo that the GSA-MHS would not be recognized as a club for the High School and would therefore not be allowed to meet. The rationale of the Principal was that the mission statement of the GSA-MHS was too close to that of the STAND club that was already recognized as a club by MHS.

27. The Student Handbook indicates the following concerning STAND:

> S.T.A.N.D. CLUB (SOCIALLY TOGETHER AND NATURALLY DIVERSE)
>
> Stand will create an environment where students feel safe and supported. The intended outcome for the club is for the students to feel comfortable whether they are in school, a store, a city or even just at home. Everyone is unique and has something to offer.

28. The description of GSA-MHS, as submitted to the Principal, states that:

> The GSA will provide a place for members of the gay, lesbian, bisexual, transgender and allied community to meet and provide social, emotional and education support to one another. The GSA will provide this space within the school but also for the community at large. The GSA will allow students to have a place to feel safe and mutually supported and will serve as an educational organization by raising awareness of issues impacting the community.

29. STAND and GSA-MHS are clearly distinct organizations with distinct missions and the failure to approve GSA-MHS as a student-club was because of the viewpoint of the organization.

30. Given the Principal's denial of the recognition of GSA-MHS as a school club, the organization has not been allowed to meet at MHS.

31. Defendants' refusal to allow the recognition of GSA-MHS is based on the GSA-MHS's purpose, the content of the speech that will take place at its meetings, and the nature of the association that will take place at the meetings.

32. Defendants' refusal to allow the recognition of GSA-MHS is unreasonable in light of the purpose of the forum created by defendants.

33. The School Town of Munster has delegated to the Principal of Munster High School the final decision-making authority as to whether or not to approve an extracurricular club at Munster High School.

34. Plaintiff R.B. will be a Junior at Munster High School in the 2014-2015 school year and would participate in GSA-MHS if it was an approved club and allowed to meet at the High School. She has been damaged by the failure of the school to allow the GSA-MHS to be recognized as a school club and will continue to be harmed by the deprivation of the opportunity to educate the school community about discrimination and bullying and to create a safe forum for GLBT students and their allies to discuss these issues.

35. Plaintiff Destiny Sabo has, as of June 1, 2014, graduated from Munster High School, but was damaged by the failure of the school to allow the GSA-MHS to be recognized as a school club.

36. Defendants caused and will continue to cause the injuries suffered by plaintiffs.

37. Munster High School is a public secondary school that receives federal financial assistance.

38. Plaintiffs R.B. and GSA-MHS face a real and immediate threat of irreparable injury for which there in no adequate remedy at law as a result of defendants' denial and threatened

continued denial to plaintiffs of access to Munster High School's forum for non-curricular student clubs and of the ability to operate the GSA-MHS at the school.

39. At all times defendants have acted, and have refused to act, under color of state law.

40. Plaintiffs GSA-MHS and R.B. are being caused irreparable harm for which there is no adequate remedy at law.

**Legal claims**

41. Because Munster High School allows at least one non-curricular student group to meet on school premises during non-instructional time it is a "limited open forum" pursuant to the Equal Access Act, 20 U.S.C. § 4071, and its failure to allow the GSA-MHS to meet on Munster High School property on the same terms as it allows recognized student groups to meet violates the Equal Access Act.

42. Defendants' failure to recognize GSA-MHS as a student club and their failure to allow it to meet at school violates rights secured to plaintiffs by the First Amendment to the United States Constitution.

**Request for relief**

WHEREFORE, plaintiffs request that this Court:

1. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

2. Declare that defendants have violated federal law and the United States Constitution for the reasons noted above.

3. Enter a preliminary injunction, later to be made permanent, requiring defendants to approve the application of GSA-MHS to be an extracurricular club at Munster High School and allow it all rights similar to those of other extracurricular clubs.

4. Award Destiny Sabo and R.B. their nominal damages.

5. Award plaintiffs their costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

6. Award all other proper relief.

/s/ Kenneth J. Falk
Kenneth J. Falk
No. 6777-49
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org


Chase Strangio
*Motion for Admission Pro Hac Vice to be Filed*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY  10004
212/549.2627
fax: 212/549-2650
cstrangio@aclu.org

Attorneys for Plaintiffs